## SELECTA TAYLOR ET AL. v. LEVI B. WILSON.

(Filed 16 September, 1914.)

**Deeds and Conveyances—Consideration—Support—Trial—Instructions—Actions.**

In this action to declare a deed void for the failure of the grantee to · perform the conditions therein stated to support certain beneficiaries in consideration therefor, it is held that the issues involved are those of fact, properly submitted to the jury under a correct instruction that the support of the beneficiaries should be a reasonable and proper one, considering their station and condition in life; and further, the issues having been answered adversely to plaintiff, the question becomes immaterial as to whether the action would lie.

APPEAL by plaintiff from *Ferguson, J.,* at December Special Term, of CAMDEN.

Civil action, tried upon this issue:

"Is plaintiff the owner and entitled to the immediate possession of one undivided one-fourth of the 36-acre tract of land? Answer: 'No.' "

From the judgment rendered, plaintiff appealed.

*G. J. Spence and Aydlett & Simpson for plaintiffs.*
*Ward & Thompson and R. W. Turner for defendant.*

PER CURIAM. The purpose of this action is to set aside a deed from Alex. Kight and wife to defendant upon the ground that defendant failed to perform the conditions set out in the deed. Plaintiffs contend that defendant failed to provide support for Mary Kight, Margaret Kight, or Sallie Kight, as required by the terms of the deed. Defendant alleges that he has furnished a reasonably good support for all of the beneficiaries according to the terms of the deed.

Much testimony was introduced. His Honor charged the jury:

"I charge you that if he failed to provide for these beneficiaries, or either of them, a reasonable support and proper care, considering their station and condition in life, that then he failed to comply with the contract which he entered into, and which, by accepting the deed, he stipulated in holding the deed that he would, and that if he failed to comply with it, he would give up all right and interest conveyed by it, the said deed, and it should be declared void."

We think the issue involved is exclusively one of fact, and that it has been submitted to the jury fairly and correctly.

It is unnecessary to consider the question as to whether plaintiff can maintain this action, as the issue of fact has been decided against her.

No error.